CuBiA.per
Johnson, J.
It is eoneeded on the part of the plaintiffs, that the lands in dispute at one time belonged to William Howell, and that he devised them to his nephew, Robert Howell, and the foundation of their claim is, that the devise contained no words of perpetuity *445 or inheritance, and that consequently he took only a life estate in them. And it is further conceded, that if a devise in general terms and without words of perpetuity or inheritance will pass a fee simple, that the plaintiffs must fail in their action. That question was decided against the plaintiffs in the case of Crawford and Dunlap, brought up here at the February term, 1827 ; and in the subsequent case of Peyton, et. al. vs. Smith, et. al. determined at the sittings in Charleston, in February last, I expressed my reasons for concurring in the case of Crawford and Dunlap. They were founded on the conclusion that the conflicting opinions between the Law and Equity Courts in relation to it left the question open, or rather rendered the operation of the rule uncertain, and that the Act .of 1824 was declaratory of what the law was, and therefore operated retrospectively: and I have not yet been satisfied that there was any thing erroneous in that opinion, and must adhere to it. It only remains that 1 should justify the Court in overturning the decision made between these parties in this identical ease, and which is reported in 2nd Nott & M’Cord, 381, to which I also refer for a more particular statement of the facts.
That the Court possesses in itself the power of reviewing its own decisions, even between the same parties, and about the same subject matter of dispute, will not, I presume, be questioned. And of this, the history of the cases of Rose and Daniel, and Faysoux and Prather, are memorable examples. But when, as it happened here, the rule operated differently upon the community in the two distinct tribunals professing final jurisdiction in the last resort, it was worthy of a wise legislature to declare what the law was, and to give certainty to the .rule ; and the Court would have been inexcusable if it had arrayed itself against it; and I esteem it the more fortunate that this case, the only one in which the doctrine was estab *446 lished, has again found its way here, and that no rights have , been fixed by .it; and that the determination I am now prepared to give, settles, the rights of the parties in conformity to the declared opinion of the collected wisdom of the State. ■
Nonsuit granted,
Nott, J. dissenting.